**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| REVA MEDICAL, INC., | Case No. 20-10072 (JTD) |
| Debtor.[1] | |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) SCHEDULING, AND SHORTENING NOTICE OF, A COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN, (II) APPROVING FORM AND MANNER OF NOTICE OF (A) COMBINED HEARING AND (B) COMMENCEMENT OF CHAPTER 11 CASE, (III) ESTABLISHING PROCEDURES FOR OBJECTING TO (A) DISCLOSURE STATEMENT AND/OR (B) PLAN, (IV) APPROVING PREPETITION SOLICITATION PROCEDURES, (V) CONDITIONALLY DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE A SECTION 341 MEETING OF CREDITORS, (VI) CONDITIONALLY EXTENDING DEADLINE TO FILE SCHEDULES AND STATEMENTS, AND (VII) GRANTING RELATED RELIEF**

REVA Medical, Inc. ("REVA" or the "Debtor"), by and through its proposed counsel, DLA Piper LLP (US), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** granting the relief described below.  In support of this Motion, the Debtor relies upon, and incorporates by reference, the *Declaration of Jeffrey Anderson in Support of Chapter 11 Filing and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously with this Motion.  In further support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this chapter 11 case, the Debtor, property of the Debtor's estate and this matter

---

[1]      The last four digits of the Debtor's tax identification number are (0505).  The Debtor's mailing address is 5751 Copley Drive, Suite B, San Diego, CA 92111.

[2]      Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

1

under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.    Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.    Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.    The statutory bases for the relief requested in this Motion are sections 105, 341, 521, 1125, 1126 and 1128 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 1007, 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1007-1, 1007-2, 2002-2, 3017-1 and 9006-1.

## RELIEF REQUESTED

5.    Pursuant to sections 105(a), 341, 521(a), 1125, 1126, and 1128 and of title 11 of the Bankruptcy Code, rules 1007, 2002, 3017, and 3018 of the Bankruptcy Rules, and rules 1007–1, 1007–2, 3017-1, and 3018-2, of the Local Rules, the Debtor requests entry of an order:

- scheduling a combined hearing (the "Combined Hearing") to (a) approve the Disclosure Statement for Prepackaged Chapter 11 Plan of REVA Medical, Inc. (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") and (b) consider confirmation of the Prepackaged Chapter 11 Plan of REVA Medical, Inc. (as may be amended, modified, or supplemented from time to time, the "Plan" [3]);

---

[3] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Plan.

WEST\288556214.11

- establishing an objection deadline (the "Plan / Disclosure Statement Objection Deadline") to object to the adequacy of the Disclosure Statement or confirmation of the Prepackaged Plan;

- approving the Solicitation Procedures (as defined herein) with respect to the Prepackaged Plan, including the forms of Ballots (as defined herein);

- approving the form and manner of notice of the Combined Hearing, the Objection Deadline, and notice of commencement;

- extending the time for the Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") until 45 days after Combined Hearing (without prejudice to request further extension) (the "Schedules and Statements Deadline"), and conditionally waiving the requirement that the Debtors file the Schedules and Statements upon confirmation of the Prepackaged Plan;

- conditionally waiving the requirement to convene the meeting of creditors under section 341 of the Bankruptcy Code; and

6. The following table summarizes proposed dates related to relief requested in the Motion (subject to the Court's calendar), which comply with the milestones contained in the Restructuring Support Agreement (as defined herein).

| Event | Date |
| --- | --- |
| Voting Record Date | January 12, 2020 |
| Distribution of Solicitation Packages | January 13, 2020 |
| Combined Notice Mailing Date | As soon as practicable following entry of the Scheduling Order and, in no event, more than one (1) business day thereafter |
| Plan Supplement Filing Date | Seven (7) days prior to the Voting Deadline, at 5:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | January 31, 2020, at 5:00 p.m. (prevailing Eastern Time) |
| Plan / Disclosure Statement Objection Deadline | February 13, 2020, two (2) business days prior to the Combined Hearing, at 12:00 p.m. (prevailing Eastern Time) |
| Reply Deadline | February 17, 2020, one (1) day prior to the Combined Hearing, at 10:00 a.m. (prevailing Eastern Time) |
| Combined Hearing | No later than February 18, 2020 |

3

| | |
|---|---|
| Section 341(a) Meeting | If Plan is not confirmed, promptly following Combined Hearing and on no less than 21 days' notice; if Plan is confirmed, there will be no Section 341(a) Meeting |
| Schedules and Statements Deadline | If Plan is not confirmed, 45 days after Combined Hearing (without prejudice to request further extension); if Plan is confirmed, requirement is excused |

**BACKGROUND**.

7.      The Debtor is a leading medical device company based in San Diego, California, focused on the development and commercialization of bioresorbable polymer technologies for three vascular applications – coronary artery disease ("CAD"), peripheral artery disease ("PAD") and embolization therapy.  Generally, scaffolds are inserted into blood vessels in order to expand the vessel and prevent blockage.  Similarly, bioresorbable scaffolds are used to restore the flow of blood, support the artery through the healing process and then disappear from the body after a period of time.

8.      Given the costs associated with the development and commercialization of its products, which are early in the commercialization stage, the Debtor has incurred significant operating losses since inception and relied on its ability to fund operations primarily through equity and debt financings.  Amid headwinds that have affected developers of bioresorbable scaffolds, REVA began working with its key stakeholders to identify a solution that would deleverage the balance sheet and recapitalize the company in order to position REVA for long-term growth.

9.      Over the course of the last few months, REVA entered into arm's-length negotiations with key stakeholders, which negotiations resulted in the entry into a restructuring support agreement among the Debtor, Goldman Sachs International, Senrigan Master Fund and certain affiliates of Elliott Management Corporation, pursuant to which the Debtor would

4

implement the transactions (the "Restructuring") set forth in the *Prepackaged Chapter 11 Plan of REVA Medical, Inc.* (the "Plan"), filed contemporaneously herewith.  The Debtor commenced solicitation of the Plan on January 13, 2020.  On the date hereof (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code to seek confirmation of the Plan and consummation of the Restructuring.

10.    The Debtor continues to be in possession of its assets and to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtor's chapter 11 case.  No date has been set for a meeting pursuant to section 341 of the Bankruptcy Code.

11.    Additional factual background regarding the Debtor, including its business operations, capital and debt structures and the events leading to the filing of this chapter 11 case, is set forth in detail in the First Day Declaration, which is fully incorporated into this Motion by reference.

**I.    The Restructuring Support Agreement**

12.    On December 23, 2019, the Debtor executed a restructuring support agreement (the "Restructuring Support Agreement") with Goldman Sachs International and certain of its affiliates, Senrigan Capital Management and affiliates of Elliott Management Corporation party thereto (collectively, the "Consenting Creditors").  The Restructuring Support Agreement sets forth the terms of a comprehensive restructuring of the Debtor to be implemented through the Plan.  The Restructuring Support Agreement is attached as Exhibit B to the Disclosure Statement.

13.    Pursuant to the Restructuring Support Agreement, the Consenting Creditors agreed to vote in favor of the Plan that, upon implementation, provides for the Debtor to emerge from this chapter 11 case substantially de-levered with overall debt levels decreased by over $90 million.

WEST\288556214.11

14.     The Restructuring Support Agreement and the Plan are the product of extensive arms'-length negotiations among the Debtor and the Consenting Creditors and provide for a restructuring transaction pursuant to which the majority of creditors would be paid in full on account of their claims and the Consenting Creditors would become equity interest holders in the reorganized Debtor and a new entity.

## II.     The Prepetition Solicitation

13.     In accordance with the terms of the Restructuring Support Agreement, the Debtor commenced solicitation of votes on the Plan, prior to commencing this chapter 11 case, on January 13, 2020, by instructing their proposed notice, claims and voting agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto (the "Voting Agent"),[4] to distribute  to such holders of the Claims entitled to vote to accept or reject the Plan as of the Voting Record Date (defined below) a solicitation package containing, among other things, (a) the Disclosure Statement describing the proposed restructuring and its effects on holders of Claims against and Interests in the Debtor, including all exhibits attached thereto, including the Plan, and (b) ballots (the "Ballots")[5] containing instructions on how to vote on the Plan (collectively, the "Solicitation Package").

14.     Under the Plan, the only Classes of Claims or Interests entitled to vote are Class 1A - Senior Secured Credit Facility First Out Claims, Class 1B - Senior Secured Credit Facility Last Out Claims, Class 4 - 2017 Convertible Notes Claims, and Class 5 - 2014 Convertible Notes Claims (collectively, the "Voting Classes").  As such, Solicitation Packages were delivered to the Voting Classes only.  The applicable Ballot instructed each holder of Claims in the Voting Classes to, in accordance with the instructions therein, complete and submit its Ballot

---

[4]     Contemporaneously herewith, the Debtor is filing an application seeking approval of the employment of the Voting Agent as claims and noticing agent *nunc pro tunc* to the Petition Date.

[5]     The form of Ballots are attached hereto as **Exhibits C-1**, **C-2, C-3** and **C-4**.

to cast its vote to accept or reject the Plan **by January 31, 2020 at 5:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")**, unless such deadline is extended by the Debtor. The holders of Claims in the Voting Classes were permitted to submit their Ballots to the Voting Agent via email at teamreva@stretto.com and also allowed to submit paper Ballots to the Voting Agent via REVA Medical, Inc. Ballot Processing c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238.

15. All other Classes of Claims and Interests are either unimpaired, in which case the holders of such Claims are conclusively presumed to have accepted the Plan, or impaired and entitled to no distribution under the Plan, in which case the holders of such Claims and Interests are conclusively deemed to have rejected the Plan. *See* 11 U.S.C. § 1126(f), (g). Specifically, holders of Claims or Interests in the following Classes (collectively, the "Non-Voting Classes") are presumed to accept or deemed to reject the Plan: Class 2 – Lien Claims, Class 3 – Other Priority Claims, Class 6A – General Unsecured Trade Claims, Class 6B – Other General Unsecured Claims, and Class 7 – Interests in Reva Medical, Inc. Because the Non-Voting Classes are not entitled to vote to accept or reject the Plan, the Debtor did not solicit votes from such holders. All holders of Claims and Interests, including the Non-Voting Classes, will receive a copy of the Combined Notice (as defined below).

## BASIS FOR RELIEF

**I.      Scheduling, and Shortening Notice of, the Combined Hearing**

16. Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall hold a hearing on confirmation of a plan." In addition, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." However, the Bankruptcy Code authorizes the Court to schedule a combined hearing to consider approval of a disclosure statement and confirmation of a chapter 11 plan. *See 11 U.S.C. § 105(d)(2)(B)(vi)* (the court may issue such order "as the court deems appropriate to

7

ensure that the case is handled expeditiously and economically, including an order that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.").

17.     The Debtor submits that setting the Combined Hearing as set forth herein is appropriate in the Chapter 11 Case.  First, a combined hearing will promote judicial economy. Second, the Plan enjoys overwhelming support.  The Consenting Creditors committed to support the Plan with many other creditors being unimpaired and thus deemed to accept the Plan.  Third, an expedited chapter 11 process will maximize the benefits of the Debtor's restructuring to their stakeholders by (a) enabling the Debtor to minimize any adverse effects the chapter 11 filing would have on the Debtor's businesses and going-concern value, (b) allowing for prompt distributions, and (c) minimizing administrative expenses to the Debtor's estates.  Therefore, the Debtor respectfully requests that the Court enter the Scheduling Order and, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, set a date **no later than February 18, 2020 for the Combined Hearing** to consider the adequacy of the Disclosure Statement and confirmation of the Plan.

18.     Bankruptcy Rule 2002(b) requires that twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for the hearing(s) to consider approval of a disclosure statement and/or confirmation of a chapter 11 plan.  Fed. R. Bankr. P. 2002(b).  Similarly, Bankruptcy Rule 3017(a) provides that the Court shall "hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in [Bankruptcy] Rule 2002 to consider the disclosure statement and any objection or modifications thereto."  Local Bankruptcy Rule 3017-1(a) specifies thirty-five (35) days' notice of the hearing on a disclosure statement.  However, Bankruptcy Rule 9006(c)(1) provides that "when an act is

WEST\288556214.11

required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

19.     In this Chapter 11 Case, it is appropriate, and there is cause, to set the Combined Hearing no later than **February 18, 2020**.  As set forth above, the Plan enjoys the support of all of those entitled to vote on the Plan and leaves many other creditors unimpaired.  The Debtors have access to limited funds during the course of this chapter 11 case and require access to the liquidity provided by the exit facilities to continue operations going forward past February 17, 2019.  A rapid confirmation of the Plan is therefore in the best interests of all parties in interest, insofar as it will result in full payment of the Debtor's trade creditors while providing the Consenting Creditors with the treatment for which they have bargained.  Furthermore, needlessly prolonging the Chapter 11 Case risks creating unnecessary harm to the Debtor's businesses, in particular the clinical trials which take place in foreign countries.  Indeed, minimizing disruption to the Debtor's customers, suppliers, vendors, and employees will be crucial to optimizing the financial and operating performance of the Debtor, the Reorganized Debtor and NewLLC.

20.     Further, the milestones set forth in Section 5 of the Restructuring Support Agreement, provide an additional reason to hold the Combined Hearing on shortened notice. Setting the Combined Hearing no later than approximately **February 18, 2020** will further (i) maximize the likelihood that the Confirmation Order can be entered and the Plan can be consummated in accordance with the Restructuring Support Agreement milestones, (ii) enable the Debtor to promptly consummate the terms of the exit financing facilities, (iii) minimize the disruption to the Debtor's businesses, and (iv) avoid the costs associated with a protracted chapter 11 process.

WEST\288556214.11

21.     Lastly, no party will be harmed by shortened notice.  The Debtor's proposed date for the Combined Hearing is thirty-one (31) days following service of the Disclosure Statement and the Petition Date.   Given the prepetition solicitation and negotiations surrounding the Restructuring Support Agreement, the Voting Classes will have had the Disclosure Statement for thirty-one (31) days on the date proposed for the Combined Hearing.  While objections are not expected insofar as (a) the Consenting Creditors, who constitute the entirety of each of the Voting Classes, have agreed to accept the Plan and (b) many Classes, including all trade creditors, are unimpaired, the proposed Plan / Disclosure Statement Objection Deadline provides parties in interest with ample time to file objections, to the extent they wish to do so.  Accordingly, cause exists for setting the Combined Hearing on or about **February 18, 2020**, subject to the Court's availability.

22.     As described below, the Debtor proposes to mail notice of the Combined Hearing within one (1) business day, or as soon as practicable thereafter, of entry of the Scheduling Order, which would provide all known creditors and Interest holders with no less than twenty-eight (28) days' notice of the Combined Hearing.  Accordingly, the proposed confirmation schedule will comply with Bankruptcy Rule 3017(a) and will only shorten the time under Local Bankruptcy Rule 3017-1 by a maximum of seven (7) days.  The Debtor believes shortening the notice period required under Local Bankruptcy Rule 3017-1(a) is appropriate in light of the circumstances.

**II.     The Form and Manner of Combined Notice of the Combined Hearing and Commencement of the Chapter 11 Case**

**A.     The Form of Combined Notice is Appropriate**

23.     Bankruptcy Rule 2002 requires a debtor to provide notice to all creditors and equity holders of (i) a hearing to consider, and the deadline to object to, the adequacy of a disclosure statement and (ii) a hearing to consider, and the deadline to object to, confirmation of a plan.  Fed.

R. Bankr. P. 2002.  A debtor is also required to provide all creditors, equity holders, and other parties in interest with notice of the commencement of a chapter 11 case.  *ld.*  Bankruptcy Rule 3017(e) provides that at the hearing to consider the disclosure statement, "the court shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate."  Fed. R. Bankr. P. 3017(e).

24.    In this instance, the Debtor believes that the proposed procedures for transmitting the combined notice (the "Combined Notice") to parties in interest, as discussed herein, are adequate under the circumstances and should be approved.  The Combined Notice will (a) inform parties in interest of the commencement of the Chapter 11 Case, (b) identify the date, time, and place of the Combined Hearing, (c) set forth the deadline and procedures for filing objections to the adequacy of the Disclosure Statement or to confirmation of the Plan, (d) set forth the manner in which the Disclosure Statement and the Plan can be obtained or viewed electronically, (e) provide a summary of the Plan, including a chart summarizing the treatment of each Class under the Plan, and (f) contain the release, injunction, and exculpation provisions in Article VIII of the Plan.  The Combined Notice also clearly provides that holders of unimpaired Claims and Interests shall be deemed to have consented to the release, exculpation, and injunction provisions in Article VIII of the Plan unless they object to such provisions by the Plan / Disclosure Statement Objection Deadline (defined below).  In addition, the Combined Notice informs parties in interest of deferral of the Section 341(a) Meeting and that such meeting will not be convened if the Plan is confirmed at the Combined Hearing (or promptly thereafter).  Therefore, the Debtor requests authorization to

11

send the Combined Notice, substantially in the form attached hereto as **Exhibit B,** of the Combined Hearing and commencement of the Chapter 11 Case.

### B.   Distribution of the Combined Notice Provides Adequate Notice

25.   In order to provide parties in interest with notice sufficient to satisfy Bankruptcy Rule 2002 of the information to be reflected in the Combined Notice, the Debtor proposes to circulate the Combined Notice by mail to (i) all known creditors and equity holders; (ii) the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the United States Securities and Exchange Commission; (v) the Debtor's cash management banks; (vi) all state and local taxing authorities as to which the Debtor has tax liability; (vii) all foreign, federal, state, and local authorities that regulate any portion of the Debtor's businesses; (viii) all counterparties to executory contracts and leases; (ix) doctors, medical professionals and hospitals that have participated in the Debtor's clinical trials and (x) all parties requesting service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 **immediately upon, and in no event later than one (1) business day after, entry of the Scheduling Order**, which date is twenty-eight (28) days before the Plan / Disclosure Statement Objection Deadline.

26.   Bankruptcy Rule 2002(1) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."   In accordance with Bankruptcy Rule 2002(1), the Debtor propose to supplement the foregoing notice by publishing a notice (the "Publication Notice")[6] of the Combined Hearing in the *Financial Times Worldwide Edition*, or a similar nationally-circulated newspaper, and one nationally-circulated newspaper in each of the countries in which the Debtor has performed clinical trials, as soon as reasonably practicable after entry of the Scheduling Order, to inform (i) those creditors who are

---

[6]      The form of Publication Notice is attached hereto as **Exhibit D**.

unknown to, or not reasonably ascertainable by, the Debtor and (ii) those creditors with potential claims unknown by the Debtor. Fed. R. Bankr. P. 2002(1). In addition, the Debtor will cause the Combined Notice to be posted electronically on the case website maintained by the Voting Agent: *http://case.stretto.com/reva*.

27.   The Debtor believes that the proposed manner of distributing the Combined Notice and Publication Notice will provide adequate notice of the time for filing and serving objections to, and the date and time of the hearing on, the adequacy of the Disclosure Statement and confirmation of the Plan, and, accordingly, request that the Court approve such manner of notice as adequate.

### C.   The Combined Notice Satisfies Due Process

28.   In order to satisfy the requirements of due process, notice must be reasonably calculated to apprise interested persons of the pending action. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the debtor. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). "Known" creditors must receive actual, mail notice of bankruptcy proceedings. *Id.* at 345. By contrast, notice by publication is sufficient to satisfy the requirements of due process for "unknown" creditors. *Id.* at 346-47.

29.   A "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor." *Id.* at 346 (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478 (1988)). In identifying "known" creditors, due process requires debtors to perform reasonable diligence of their books and records – but it does not require that debtors engage in "impracticable and extended searches." *Mullane*, 339 U.S. at 317; *see also Chemetron Corp.*, 72 F.3d at 346; *Mission Towers v. Grace*, No. 07-287, 2007 U.S. Dist. LEXIS 89913, at *21-24 (D. Del. Dec. 6, 2007), *aff'd,* 316 F. App'x 134 (3d Cir. 2009).

13

30.     By contrast, the Supreme Court has held that an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge" of the debtor.  *Mullane*, 339 U.S. at 317. Moreover, in bankruptcy cases, when determining whether a creditor is "known" or "unknown," the appropriate form of notice, and how much to spend on notice, courts must balance the interests of the debtor's existing and potential creditors as well as other parties in interest.  *Vancouver Women's Health Collective Soc'y v. A.H. Robins Co., Inc.*, 820 F.2d 1359, 1364 (4th Cir. 1987); *see also Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000); *In re GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982); *Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc)*, 439 B.R. 652, 660 (Bankr. E.D. Va. 2010) ("The totality of the circumstances in each case must be analyzed to determine whether a particular creditor is known or unknown.").

31.     Based on the foregoing, the Debtor submits that the proposed Combined Notice and Publication Notice, together with the methods of distribution and publication, will satisfy the requirements of due process for both known and unknown creditors and request that the Court find that the Combined Notice is adequate.

## III.   The Deadline and Procedures for Objecting to the Adequacy of the Disclosure Statement or to Confirmation of the Plan

32.     Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of the Disclosure Statement, and Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to the Plan.  As noted above, Bankruptcy Rule 2002(b) requires twenty-eight (28) days' notice of such deadline subject to the discretion of the Court to reduce such time period under Bankruptcy Rule 9006(c)(1).  For the reasons stated above, the Debtor requests that the Court shorten the deadline to file objections to the adequacy of the Disclosure Statement or to confirmation of the Plan to **on or about February 13, 2020 at 12:00 p.m.**

14

(prevailing Eastern Time) (the "**Plan / Disclosure Statement Objection Deadline**").  As discussed above, the Debtor believes that the proposed timeline will provide adequate notice of the time for filing and serving objections to the adequacy of the Disclosure Statement or confirmation of the Plan, and, accordingly, requests that the Court approve such manner of notice as adequate.  This timeline is particularly appropriate given that the only impaired Classes entitled to vote consist the entirety of Consenting Creditors who are obliged to vote to accept the Plan.

33.     The Debtor requests that the Court order that objections to approval of the Disclosure Statement or to confirmation of the Plan, to the extent there are any, shall:

(a)     be in writing;

(b)     comply with the Bankruptcy Rules, the Local Bankruptcy Rules, Chambers' procedures, and other orders of the Court;

(c)     state the name and address of the objecting party and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtor;

(d)     state with particularity the legal and factual basis for such objection, and if practicable, a proposed modification to the Disclosure Statement or Plan that would resolve such objections;

(e)     be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service thereof; and

(f)     be served by personal service or by overnight delivery, so as to be **ACTUALLY RECEIVED** no later than **12:00 p.m. (prevailing Eastern time) on the Plan / Disclosure Statement Objection Deadline** by:  **February 13, 2020**.

34.     The Debtor also request that the Court set **February 17, 2020 as the deadline (collectively, the "Reply Deadline"),** for:  (i) the Debtor to file replies to any timely-filed objections filed in respect of the Disclosure Statement or the Plan, (ii) the Debtor to file the Confirmation Order, and (iii) the Debtor to file the Confirmation Brief.  In accordance with Local Bankruptcy Rule 3016-2, the Plan Supplement will be filed with the Court no later than seven (7) days prior to the Voting Deadline.

WEST\288556214.11

35. The Debtor submits that the proposed schedule for the Combined Hearing, including the establishment of the Plan / Disclosure Statement Objection Deadline and the Reply Deadline is in the best interests of all parties in interest in the Chapter 11 Case. This proposed schedule is intended to minimize the disruption to the Debtor's businesses and avoid the costs associated with lengthy chapter 11 proceedings. Additionally, it is appropriate that the Court approve the schedule requested by this Motion so that all parties in interest may be informed as promptly as possible of the schedule regarding the Combined Hearing. The Debtor submits that the proposed schedule and notice to be provided by the Debtor will afford all parties in interest ample notice of the proceedings.

## IV.   Approval of the Solicitation Procedures

36. As discussed above, the Debtor commenced solicitation of votes for acceptance of the Plan prior to filing the Chapter 11 Case by distributing the Solicitation Package, which included (i) the Disclosure Statement, including the Plan and the other exhibits attached to the Disclosure Statement and (ii) an appropriate Ballot (as defined below) to all holders of allowed Claims in each of the Voting Classes.

37. The Voting Deadline is eighteen (18) days after commencement of the solicitation as consented to by the Consenting Creditors. Holders of Claims in the Voting Classes have eighteen (18) days to vote to accept or reject the Plan, which is adequate time to consider the Plan and the Disclosure Statement and submit a Ballot before the Voting Deadline, given the sophisticated nature of the holders of Claims in the Voting Classes, the relatively few holders entitled to vote on the Plan, the negotiations surrounding the Restructuring Support Agreement and the fact that the Solicitation Packages were served electronically and by overnight mail. The Plan is substantially similar to the pre-packaged plan of reorganization attached to the Restructuring Support Agreement, which was entered into on December 23, 2019. The Consenting

Creditors, who are each party to the Restructuring Support Agreement and the only parties entitled to vote to accept or reject the Plan, have had an opportunity to consider the Plan for at least thirty-nine (39) days. Courts have approved shorter solicitation periods for sophisticated institutional creditors. *See, e.g., In re The Dolan Co.*, No. 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014) (approving solicitation procedures that included a voting period of three business days for lenders, no notes were solicited); *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 13, 2014) (approving solicitation procedures that included a voting period of three days, including a Saturday for lenders, no notes were solicited); *In re Revel AC, Inc.*, No. 13-16253 (JHW) (Bankr. D.N.J. Mar. 8, 2013) (approving solicitation procedures that included a voting period of 7 days for lenders and 28 days for noteholders). Accordingly, the Debtor respectfully submits that the proposed eighteen (18) day voting period is reasonable and sufficient under the circumstances.

38. The Debtor therefore seeks a determination from the Court that its prepetition solicitation satisfies section 1126(b) of the Bankruptcy Code and the Bankruptcy Rules. Section 1126(b) of the Bankruptcy Code specifically provides that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if
> (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or
> (2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).

39. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims for the purpose of soliciting their votes accepting or rejecting a plan of reorganization. Local Bankruptcy Rule 3017-1(b) requires that a plan proponent file a motion for approval of the

17

voting procedures, including the form of ballots, the voting agent, and the time and manner of voting.

40.    Additionally, Bankruptcy Rule 3018(b) provides that:

> A holder of a claim or interest who has accepted or rejected a plan before the commencement of the case . . . shall not be deemed to have accepted or rejected the plan if the court finds after notice and hearing an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan, or that the solicitation was not in compliance with § 1126(b) of the Code.

Fed. R. Bankr. P. 3018(b).

41.    The Plan is the product of extensive negotiations among the Debtor and the Consenting Creditors.  The Debtor, in conjunction with its advisors, engaged in discussions with the Consenting Creditors regarding the timeline for implementation of a consensual restructuring, including the Combined Hearing date and Voting Deadline.  As a result, the Debtor were able to negotiate for unanimous support of the Plan by the Voting Classes.  Pursuant to the Restructuring Support Agreement, each Consenting Creditor has agreed to vote to accept the Plan.  Accordingly, for all these reasons, the Debtor submits that the requested Voting Deadline provides holders (or the authorized signatory of such holders) of Claims in the Voting Classes with sufficient time to review and vote on the Plan, and that the voting period provided by the Solicitation Procedures is reasonable and sufficient under the facts and circumstances of this Chapter 11 Case and should be approved.

42.    As described above, the Debtor distributed the Solicitation Package to the Voting Classes and commenced solicitation of acceptances of the Plan prior to the commencement of the Chapter 11 Case as required by Bankruptcy Rule 3018.[7]  Given the level of support for the

---

[7]    Holders of Claims and Interests in the Non-Voting Classes are conclusively presumed to have accepted or conclusively deemed to have rejected the Plan and are therefore not entitled to vote.  11 U.S.C. §§ 1126(f)-(g).  Accordingly, the Debtor did not solicit votes from such holders.

18

Restructuring Support Agreement, the Debtor believes it will receive support for the Plan sufficient to meet confirmation standards.

43.     The Debtor respectfully requests that the Court conditionally approve the Solicitation Procedures with respect to these Classes, with such approval to be final upon entry of the Confirmation Order.  Additionally, the Debtor submits that the Solicitation Procedures meet the requirements of Bankruptcy Rules 3017 and 3018, and Local Bankruptcy Rule 3017-1.

### A.     Voting Record Date

44.     Bankruptcy Rule 3017(d) provides that, for purposes of determining the creditors and equity holders entitled to receive the plan-related materials specified in Bankruptcy Rule 3017(d), the record date shall be the "date the order approving the disclosure statement is entered," unless another date is fixed by the court.  Fed. R. Bankr. P. 3017.  Because the Debtor will seek both approval of the Disclosure Statement and confirmation of the Plan at the Combined Hearing, and because Bankruptcy Rule 3018(b) permits the Debtor to have specified the record date for purposes of its solicitation prior to the Petition Date, the Debtor requests that the Court establish the record date specified by the Debtor, **January 12, 2020 at 11:59 p.m.** (prevailing Eastern Time), as the record date (the "Voting Record Date") for the purpose of determining which creditors and equity holders are entitled to vote on the Plan.

### B.     The Form of Ballot

45.     Bankruptcy Rule 3017(d) requires the Debtor to transmit a form of Ballot, which substantially conforms to Official Form No. 14, to "creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d).  As part of the Solicitation Package, the Debtor distributed the applicable Ballots to holders of Claims in Class 1A - Senior Secured Credit Facility First Out Claims, Class 1B - Senior Secured Credit Facility Last Out Claims, Class 4 - 2017 Convertible Notes Claims, and Class 5 - 2014 Convertible Notes Claims.  While the forms for the

19

Ballots are based on Official Form No. 14, each form has been modified to address the particular aspects of the Chapter 11 Case and to include additional information that the Debtor believes is relevant and appropriate. The Debtor submits that the forms of the Ballots satisfy Bankruptcy Rule 3017(d) and should be approved.

### C. The Voting Deadline

46. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court "shall fix a time within which the holders of claims and equity interests may accept or reject the plan." Fed. R. Bankr. P. 3017(c). Bankruptcy Rule 3018(b) provides that a holder of a claim or equity security will not be deemed to have accepted or rejected the plan "if the court finds after notice and a hearing . . . that an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan." Fed. R. Bankr. P. 3018(b).

47. Here, the solicitation of holders of Claims in Class 1A - Senior Secured Credit Facility First Out Claims, Class 1B - Senior Secured Credit Facility Last Out Claims, Class 4 - 2017 Convertible Notes Claims, and Class 5 - 2014 Convertible Notes Claims, the only holders of impaired Claims entitled to vote with respect to the Plan, commenced on January 13, 2020 and, if authorized by the Court, is set to conclude on January 31, 2020, i.e., the Voting Deadline. The time period for holders to accept or reject the Plan was not "unreasonably short" as required by Bankruptcy Rule 3018(b) in light of the fact that the overwhelming majority of such holders took part with the Debtor in negotiating and formulating the terms of the Restructuring Support Agreement and the Plan, were thus familiar with the terms of the Plan before solicitation commenced, and are obliged to accept the Plan under the terms of the Restructuring Support Agreement.

**D.      Continuation of the Debtor's Prepetition Solicitation After the Petition Date**

48.      The Debtor distributed the Disclosure Statement and Ballots prior to the Petition Date in accordance with sections 1125 and 1126 of the Bankruptcy Code.  *See* 11 U.S.C. § 1125(g) ("[A]n acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable nonbankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable nonbankruptcy law.").  Although the Debtor does not believe that the Disclosure Statement must be conditionally approved for the Debtor's prepetition solicitation to continue postpetition, the Debtor, out of an abundance of caution, requests that the Court conditionally approve the Disclosure Statement if the Court deems it necessary to do so.

49.      Courts in this district have recognized that debtors may "straddle" solicitation by commencing solicitation prior to the petition date and continuing postpetition.  *See, e.g., In re Se. Grocers, LLC*, No. 18-10700 (MFW) (Bankr. D. Del. March 29, 2018) (solicitation commenced prior to the petition date and continued postpetition); *In re Ascent Resources Marcellus Holdings, LLC*, No. 18-10265(LSS) (Bankr. D. Del. Feb. 9, 2018) (same); *In re Tidewater Inc.*, No. 17-11132 (BLS) (Bankr. D. Del. May 17, 2017) (same); *In re Homer City Generation, L.P.*, No. 17-10086 (MFW) (Bankr. D. Del. Feb. 15, 2017) (same); *In re Basic Energy Servs., Inc.*, No. 16-12320 (KJC) (Bankr. D. Del. Oct. 25, 2016); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 16, 2016) (same).

**E.      Approval of Procedures for Vote Tabulation**

50.      The Debtor respectfully requests that the Court approve the voting and tabulation procedures described herein in accordance with section 1126(c) and 1126(d) of the Bankruptcy Code.  Section 1126(c) of the Bankruptcy Code provides as follows:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

51.     Section 1126(d) of the Bankruptcy Code provides as follows:

A class of interests has accepted a plan if such plan has been accepted by holders of such interests, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount of the allowed interests of such class held by holders of such interests, other than any entity designated under subjection (e) of this section, that have accepted or rejected such plan.

52.     In tabulating the votes of creditors, the following Ballots will not be included: (a) except in the Debtor's sole discretion, any Ballot received after the Voting Deadline; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a Claim or Interest in a Voting Class; (d) any unsigned Ballot; or (e) except in the Debtor's sole discretion, any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than via email in accordance with the directions on the Ballot).  Notwithstanding the foregoing, the Debtor may waive any defects or irregularities as to any particular Ballot, either before or after the close of voting, and any such waivers shall be documented in the voting report.  As specified on the Ballot, any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted.  The Debtor submits that the procedures for vote tabulation are reasonable and appropriate under the circumstances and should be approved.

53.     The Debtor required that the holders of Claims and Interests in the Voting Classes vote all of their Claims or Interests either to accept or reject the Plan.  Notwithstanding Bankruptcy

22

Rule 3018(a), the Debtor proposes that whenever two or more Ballots are cast voting the same Claim or Interest prior to the Voting Deadline, the last timely Ballot received prior to the Voting Deadline should be deemed to reflect the voter's intent and to thus supersede any prior Ballot(s), without prejudice to the Debtor's right to object to the validity of the second Ballot on any basis permitted by law.

### F.    Waiver of the Requirement to Mail the Disclosure Statement to Certain Creditors and Equity Holders is Appropriate

54.    For the reasons set forth herein, the Debtor requests a waiver of the Bankruptcy Rule 3017 requirement that the Debtor mail a copy of the Disclosure Statement and Plan to holders of Claims or Interests deemed to have accepted or rejected the Plan.  *See* Fed. R. Bankr. P. 3017. The Debtor has made the Disclosure Statement and the Plan available at no cost on the Voting Agent's website and has included a summary of the Plan in the Combined Notice.  The Combined Notice contains a summary of the plan terms and a copy of the release, injunction and exculpation provisions contained in the Plan.  Moreover, it would be an expensive and unnecessary administrative burden on the Debtor to transmit the Combined Notice, Disclosure Statement, and Plan to holders of Claims and Interests deemed to have accepted or rejected the Plan.  Accordingly, the Debtor submits that it is not appropriate to require the Debtor to transmit a copy of the Disclosure Statement, Plan, or Solicitation Package to the holders of Claims or Interests other than those holders of Claims or Interests entitled to vote on the Plan.

### V.    The Debtor's Prepetition Solicitation Was Exempt From Registration and Disclosure Requirements Otherwise Applicable Under Nonbankruptcy Law.

55.    Section 1126(b) of the Bankruptcy Code provides that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if –
> (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule or

WEST\288556214.11

regulation governing the adequacy of disclosure in connection with such solicitation; or (2) if there is not any such law, rule or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b). Thus, prepetition solicitation must comply with generally applicable federal or state securities laws and regulations (including the registration and disclosure requirements thereof) or, if such laws and regulations do not apply, the solicited holders must receive "adequate information" under section 1125 of the Bankruptcy Code. *See* 7 Collier On Bankruptcy ¶ 1126.03[2][d] (16th ed.).

56.    The Debtor respectfully submits that its prepetition solicitation is sheltered under one or more of the exceptions from registration provided by the Securities Act of 1933, as amended (the "Securities Act"), including section 4(a)(2) thereof and Regulation D thereunder, exempting the Debtor's prepetition solicitation from the disclosure and registration requirements of the Securities Act, state Blue Sky laws or any similar rules, regulations or statutes. Section 4(a)(2) of the Securities Act exempts from the registration provisions of the Securities Act any transaction by an issuer not involving any public offering. 15 U.S.C.A. § 77d. Regulation D similarly exempts from the registration provisions under the Securities Act offerings of securities to "accredited investors" (as such term is defined under Regulation D) ("accredited investors"), and a limited number of other investors. 17 CFR §230.501 *et seq.* In addition, by virtue of section 18 of the Securities Act, section 4(a)(2) also provides that any state Blue Sky law requirements shall not apply to such exchange.

57.    The solicitation was made to holders of Class 1A - Senior Secured Credit Facility First Out Claims, Class 1B - Senior Secured Credit Facility Last Out Claims, Class 4 - 2017 Convertible Notes Claims, and Class 5 - 2014 Convertible Notes Claims, who are each

24

sophisticated financial institutions that are "Qualified Institutional Buyers" (as defined in Rule 144A of the Securities Act) or accredited investors.

58.     Additionally, the Debtor stated explicitly in the Disclosure Statement that the solicitation is being made prior to the Petition Date pursuant to Section 4(a)(2) and/or Regulation D of the Securities Act and only accredited investors are being solicited.  The Debtor respectfully submits that the solicitation of votes to accept or reject the Plan complies with section 4(a)(2) of the Securities Act and that the requirements of section 1126(b)(1) of the Bankruptcy Code are inapplicable to the Debtor's prepetition solicitation.  As discussed more fully below, the Debtor will seek a determination from the Court at the Combined Hearing that all solicited holders received "adequate information" as defined by section 1125(a) of the Bankruptcy Code in compliance with section 1126(b)(2) of the Bankruptcy Code.

59.     Debtors in this and others districts have utilized section 4(a)(2) of the Securities Act, or similar provisions, to exempt their prepetition solicitation from the registration and disclosure requirements otherwise applicable under nonbankruptcy law.  *See, e.g., In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 29, 2018) (approving solicitation procedures that included section 4(a)(2) exemption); *In re Dex Media, Inc*., No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) (same); *In re Hercules Offshore, Inc*., No. 15-11685 (KJC) (Bankr. D. Del. Aug. 14, 2015) (same); *In re EveryWare Glob., Inc*., No. 15-10743 (LSS) (Bankr. D. Del. Apr. 7, 2015) (same); *In re Sorenson Commc'ns, Inc*., No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same).

**VI.     Approval of the Disclosure Statement and Plan**

**A.     Approval of the Disclosure Statement**

60.     The Debtor will seek the Court's ruling at the Combined Hearing that the Disclosure Statement was extensive and comprehensive and therefore provided adequate

WEST\288556214.11

information within the meaning of section 1125(a)(1) of the Bankruptcy Code. Accordingly, the Debtor also requests that, at the Combined Hearing, the Court approve the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code.

61.     Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide holders of impaired claims and equity interests with "adequate information" regarding a debtor's proposed chapter 11 plan of reorganization. In particular, section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a)(1).

62.     The Disclosure Statement is extensive and comprehensive and contains descriptions and summaries of, among other things, (a) the history of the Debtor, (b) the restructuring process that led to the Restructuring Support Agreement and the Plan, (c) certain events preceding the commencement of the Debtor's Chapter 11 Case, (d) treatment of the Claims and Interests under the Plan, (e) material terms of the Plan, including the releases, injunction and exculpation provisions, (f) risk factors affecting the Plan, (g) a liquidation analysis setting forth the estimated return that creditors would receive in a hypothetical chapter 7 liquidation, (h) financial information and projections that would be relevant to creditors' determinations of whether to accept or reject the Plan, and (i) federal tax law consequences of the Plan. In addition,

the Disclosure Statement is the product of a collaborative effort among the Debtor and the Consenting Creditors.

63.     Based on the foregoing, the Debtor submits that the Disclosure Statement contains sufficient information for a voting creditor to make an informed judgment regarding whether to vote to accept or reject the Plan.  Thus, the Debtor respectfully requests that the Court approve the Disclosure Statement at the Combined Hearing as containing adequate information in satisfaction of the requirements of section 1125 of the Bankruptcy Code.

## VII.   Confirmation of the Plan

64.     The Debtor believes that the Plan satisfies all of the requirements for confirmation under the Bankruptcy Code.  As noted above, the Debtor has requested that the Court schedule the Combined Hearing at which time the Debtor will seek confirmation of the Plan.  Prior to the Combined Hearing, the Debtor will file a declaration, a proposed form of Confirmation Order, and a brief (the "Confirmation Brief") in support of confirmation of the Plan that, among other things, (i) demonstrates that the Plan satisfies the requirements for plan confirmation set forth in section 1129 of the Bankruptcy Code and (ii) responds to objections to confirmation, if any.

## VIII.   Cause Exists for the U.S. Trustee Not to Convene a Section 341(a) Meeting if the Plan is Confirmed at the Combined Hearing

65.     Section 341 of the Bankruptcy Code allows a court to waive the requirement of a meeting of creditors or equity holders if a debtor has filed a plan on the petition date and solicited acceptances of a plan prior to the commencement of a chapter 11 case.  More specifically, section 341(e) of the Bankruptcy Code provides that:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).

66.     Here, the Debtor commenced solicitation of votes to accept or reject the Plan on January 13, 2020, prior to the Petition Date, and expects that the Plan will be accepted by all Voting Classes in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code.

67.     Cause exists to waive the Section 341(a) Meeting, unless the Plan is not confirmed at or promptly after the Combined Hearing, as most unsecured creditors holding Allowed Claims will be paid in full under the Plan and other "first day" orders sought by the Debtor.  The Debtor further proposes that if the Plan is not confirmed at the Combined Hearing (or promptly thereafter), the U.S. Trustee be permitted to promptly schedule the Section 341(a) Meeting on no less than 21-days' notice.  Granting this relief conditionally at the outset of the Chapter 11 Case also allows the U.S. Trustee to schedule a Section 341(a) Meeting, if it eventually becomes appropriate to do so. The Debtor thus respectfully submits that, if the Plan is confirmed in a timely manner, creditors are not prejudiced by the lack of a Section 341(a) Meeting.

68.     Courts in this District routinely grant similar waivers in other prepackaged chapter 11 cases.  *See, e.g., In re Mattress Firm, Inc.*, No. 18-12241 (CSS) (Bankr. D. Del. Oct. 9, 2018); *In re Se. Grocers, LLC*, No. 18-10700 (MFW) (Bankr. D. Del. Mar. 29, 2018); *In re Remington Outdoor Co.*, No. 18-10684 (BLS) (Bankr. D. Del. Mar. 27, 2018); *In re Tidewater Inc.*, No. 17-11132 (BLS) (Bankr. D. Del. May 17, 2017); *In re Basic Energy Servs., Inc.*, No. 16-12320 (KJC) (Bankr. D. Del. Oct. 25, 2016); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013).[8]

---

[8]     The referenced orders are voluminous in nature and are not attached to this Motion.  However, in light of the requirements of Local Rule 7007-2(a)(vii), undersigned counsel has retained copies of each order and will make them available to the Court, if requested, or to any party that requests them.

69.    For these reasons, the Debtor submits that sufficient "cause" exists to waive the requirement of a Section 341(a) Meeting as set forth herein.

## IX.    Cause Exists to Conditionally Waive the Deadline to File Schedules and Statements if the Plan is Confirmed

70.    The Debtor also requests that the time for filing the Schedules and Statements be extended or, alternatively in the event the Plan is confirmed at the Combined Hearing (or promptly thereafter), waived.  Section 521 of the Bankruptcy Code requires a debtor to file the Schedules and Statements unless the court orders otherwise.  Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b), the Court has authority to grant an extension "for cause" of the time period allotted to file the Schedules and Statements.  Extension for cause requires merely that a debtor "demonstrate some justification for the issuance of the order," and "normally will be granted in the absence of bad faith or prejudice the adverse party." *See, e.g., Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extension under Bankruptcy Rule 1007) (citations omitted).

71.    Here, cause exists to extend the deadline because requiring the Debtor to file the Schedules and Statements shortly after the Petition Date would distract the Debtor's management and advisors from the work of ensuring a seamless transition into their chapter 11 case and achieving expedited confirmation of the Plan.  Given the accelerated confirmation timeline and the Plan, under which most general unsecured creditors are unimpaired, the Schedules and Statements would also be of limited utility to most parties in interest.  The minimal benefit of requiring the Debtor to prepare the Schedules and Statements following the Petition Date would be significantly outweighed by the substantial expenditure of time and resources the Debtor and its professionals would be required to devote to the preparation and filing of such documents.  Accordingly, the Debtor requests that the Court extend the time for filing the Schedules and

WEST\288556214.11

Statements and waive the requirement that the Debtor file the Schedules and Statements if the Debtor obtains entry of the Confirmation Order at the Combined Hearing (or promptly thereafter) and, in the event that the Plan is not confirmed at the Combined Hearing (or promptly thereafter), to 45 days after the Combined Hearing (without prejudice to request further extensions).

72. Courts in this District routinely waive the requirements for a debtor to file Schedules and Statements in prepackaged chapter 11 cases. *See, e.g., In re HCR ManorCare, Inc.*, No. 18-10467 (KG) (Bankr. D. Del. Mar. 6, 2018); *In re Orchard Acquisition Co.*, No. 17-12914 (KG) (Bankr. D. Del. Dec. 13, 2017); *In re Key Energy Servs.*, *Inc.*, Case No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Res. Corp.*, No. 16-11724 (BLS) (Bankr. D. Del. Jul. 29, 2016); *In re RCS Capital Corp.*, No. 16-10223 (MFW) (Bankr. D. Del. Mar. 29, 2016); *In re Offshore Grp. Inv. Ltd.*, Case No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015).[9] For the reasons discussed above, similar relief is appropriate in these cases as well.

### NOTICE

73. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Attorney for the District of Delaware; (iii) the parties included on the Debtor's list of twenty (20) largest unsecured creditors; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) Weil, Gotshal & Manges LLP, counsel to Goldman Sachs International, 767 Fifth Avenue, New York, New York 10153 (Attn: Kevin Bostel, Esq.); (vii) counsel to Elliott Management Corporation and its affiliates, Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022 (Attn: Jasmine Ball, Esq.); (viii) the Consenting Creditors; (ix) any party that has requested notice pursuant to Bankruptcy

---

[9] The referenced orders are voluminous in nature and are not attached to this Motion. However, in light of the requirements of Local Rule 7007-2(a)(vii), undersigned counsel has retained copies of each order and will make them available to the Court, if requested, or to any party that requests them.

WEST\288556214.11

Rule 2002; and (x) any other party in interest entitled to notice of this Motion. As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtor respectfully submits that no further notice of this Motion is required.

<u>**NO PRIOR REQUEST**</u>

74. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

31

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court grant the relief requested in this Motion and the Scheduling Order, and such other and further

relief as is just and proper.

Dated:  January 14, 2020          Respectfully submitted,
        Wilmington, Delaware

                                  **DLA PIPER LLP (US)**

                                  /s/ Stuart M. Brown
                                  Stuart M. Brown (DE 4050)
                                  1201 North Market Street, Suite 2100
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 468-5700
                                  Facsimile:  (302) 394-2341
                                  Email: stuart.brown@us.dlapiper.com

                                  -and-

                                  Thomas A. Califano (*pro hac vice* admission pending)
                                  Jamila Justine Willis (*pro hac vice* admission pending)
                                  1251 Avenue of the Americas
                                  New York, New York 10020
                                  Telephone: (212) 335-4500
                                  Facsimile:  (212) 335-4501
                                  Email:  thomas.califano@us.dlapiper.com
                                        jamila.willis@us.dlapiper.com

                                  *Proposed Counsel to the Debtor*

32

**EXHIBIT A**
**Proposed Scheduling Order**

WEST\288556214.11

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Reva Medical, Inc., | Case No. 20-10072 (JTD) |
| Debtor.[1] |  |

**ORDER (I) SCHEDULING, AND SHORTENING NOTICE OF, A COMBINED
HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B)
CONFIRMATION OF PLAN, (II) APPROVING FORM AND MANNER OF NOTICE OF
(A) COMBINED HEARING AND (B) COMMENCEMENT OF CHAPTER 11 CASE, (III)
ESTABLISHING PROCEDURES FOR OBJECTING TO (A) DISCLOSURE
STATEMENT AND/OR (B) PLAN, (IV) APPROVING PREPETITION SOLICITATION
PROCEDURES, (V) CONDITIONALLY DIRECTING THE UNITED STATES
TRUSTEE NOT TO CONVENE A SECTION 341 MEETING OF CREDITORS, (VI)
CONDITIONALLY EXTENDING DEADLINE TO FILE SCHEDULES AND
STATEMENTS, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtor for entry of an order (this "Scheduling

Order") (i) scheduling, and shortening notice of, a combined hearing (as it may be adjourned from

time to time the "Combined Hearing") on (a) the adequacy of the Disclosure Statement and (b)

confirmation of the Plan, (ii) approving the form and manner of notice (the "Combined Notice")

of (a) the Combined Hearing and (b) commencement of this Chapter 11 Case, (iii) establishing the

procedures for objecting (a) to the adequacy of the Disclosure Statement and/or (b) to confirmation

of the Plan, (iv) approving the solicitation, balloting, and tabulation procedures described in the

Motion (the "Solicitation Procedures"), (v) conditionally directing the U.S. Trustee not to convene

the Section 341(a) Meeting, (vi) conditionally extending the date by which the Debtor must file its

Schedules and Statements, and (vii) granting related relief; and the Court having found that it has

---

[1]    The Debtor in this case, along with the last four digits of its Employer Identification Numbers is: Reva Medical, Inc. (0505).  The Debtor's mailing address is 5751 Copley Drive, Suite B, San Diego, CA 92111.

[2]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or in the Plan, as applicable.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and alter due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is authorized and empowered to take all actions necessary to implement and effectuate the relief granted in this Scheduling Order.

3.      The Combined Hearing to consider the adequacy of the Disclosure Statement, final approval of the Solicitation Procedures, and confirmation of the Plan is hereby scheduled to be held before the Honorable _____, the United States Bankruptcy Judge, in courtroom _____ of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, _____ Floor, Wilmington, Delaware, on _____, 2020 at _____ (prevailing Eastern Time).  The Combined Hearing may be continued from time to time by the Court without further notice other than an announcement of the adjourned date or dates in open court at the Combined Hearing (or adjournment thereof) or by filing the agenda for such hearing.

2

4.     The schedule of events set forth below relating to confirmation of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of events is consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules:

| Event | Date |
|---|---|
| Voting Record Date | January 12, 2020 |
| Distribution of Solicitation Packages | January 13, 2020 |
| Combined Notice Mailing Date | As soon as practicable following entry of the Scheduling Order and, in no event, more than one (1) business day thereafter |
| Plan Supplement Filing Date | Seven (7) days prior to the Voting Deadline, at 5:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | January 31, 2020, at 5:00 p.m. (prevailing Eastern Time) |
| Plan / Disclosure Statement Objection Deadline | February 13, 2020, two (2) business days prior to the Combined Hearing, at 12:00 p.m. (prevailing Eastern Time) |
| Reply Deadline | February 17, 2020, one (1) day prior to the Combined Hearing, at 10:00 a.m. (prevailing Eastern Time) |
| Combined Hearing | No later than February 18, 2020 |
| Section 341(a) Meeting | If Plan is not confirmed, promptly following Combined Hearing and on no less than 21 days' notice; if Plan is confirmed, there will be no Section 341(a) Meeting |
| Schedules and Statements Deadline | If Plan is not confirmed, 45 days after Combined Hearing (without prejudice to request further extension); if Plan is confirmed, requirement is excused |

5.     Any objections to the approval of the Disclosure Statement, adequacy of the Disclosure Statement, or confirmation of the Plan must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service thereof, and served by personal service or by overnight delivery, so as to be actually received no later than **12:00 p.m.**

3

**(prevailing Eastern time) on February 13, 2020 (the "Plan / Disclosure Statement Objection**

**Deadline")** on:

    (a)    REVA Medical, Inc., 5751 Copley Drive, Suite B, San Diego, California 92111 (Attn: Jeffrey Anderson and Leigh Elkolli)

    (b)    proposed counsel to the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn: Thomas R. Califano, Esq. [thomas.califano@us.dlapiper.com] and Jamila Justine Willis, Esq. [jamila.willis@us.dlapiper.com]);

    (c)    the office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware (Attn: Linda Casey);

    (d)    counsel to Elliott Management Corporation, Shamu Associates Inc., Shamu International Inc., Elliott Associates, L.P., and Elliott International, L.P., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022 (Attn: Jasmine Ball, Esq. [jball@debevoise.com]); and

    (e)    counsel to Goldman Sachs International, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Kevin Bostel, Esq. [kevin.bostel@weil.com]).

6.    In addition, any objections to the Disclosure Statement or confirmation of the Plan

must:

    (a)    be in writing;

    (b)    conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware;

    (c)    state the name and address of the objecting party and the amount and nature of such party's claim or interest;

    (d)    state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

    (e)    be filed, together with proof of service, with the Court electronically and served upon the parties above.

7.    Any objections not timely filed and served in the manner set forth in this Scheduling

Order may not be considered and may be overruled.

WEST\288556214.11

8.      The Debtor shall file their brief in support of confirmation of the Plan and their reply to any objections thereto **no later than February 17, 2020.**

9.      The form of Combined Notice in substantially the form attached as **Exhibit B** to the Motion is approved.  The Voting Agent shall begin to mail or cause to be mailed a copy of the Combined Notice, **as soon after entry of this Scheduling Order as reasonably practicable, and in no event later than one (1) business days after entry of this Scheduling Order,** upon all of the Debtor's known creditors and Interest holders of record as of January 12, 2020 at 11:59 p.m. (prevailing Eastern Time).

10.     The Debtor shall publish the Publication Notice, in substantially the form attached as **Exhibit D** to the Motion, in the *Financial Times Worldwide Edition*, or a similar nationally-circulated newspaper, and one nationally-circulated newspaper in each of the countries in which the Debtor has performed clinical trials as soon as reasonably practicable after entry of this Scheduling Order.

11.     Substantially contemporaneously with the service of the Combined Notice, the Debtor shall cause to be posted to the website hosted by the Voting Agent various chapter 11-related documents, including, among others, the following:  (a) the Plan; (b) the Disclosure Statement and all exhibits attached thereto; (c) the Motion and this Scheduling Order; and (d) the Combined Notice.  The website address is: *http://case.stretto.com/reva*.

12.     The notice procedures set forth above constitute good and sufficient notice of the Combined Hearing and the commencement of the Chapter 11 Case, and the deadline and procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan, and no other or further notice shall be necessary.

WEST\288556214.11

13.     Subject to entry of the Confirmation Order, the Solicitation Procedures, including the procedures utilized by the Debtor for distribution of the Solicitation Package, balloting, and the vote tabulation procedures described in the Motion, satisfy the requirements of the Bankruptcy Code and are approved.

14.     January 12, 2020 at 11:59 p.m. (prevailing Eastern Time) be the record date for purposes of determining which creditors and equity holders are entitled to vote on the Plan.  The Ballots, substantially in the forms attached to the Motion as **Exhibits C-1, C-2, C-3 and C-4**, are approved.

15.     To the extent that section 1125(b) of the Bankruptcy Code requires the Debtor's prepetition solicitation of acceptances for the Plan to be pursuant to an approved disclosure statement in order to continue on a post-petition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest (with standing to object) objecting to the Disclosure Statement at the Combined Hearing.

16.     Any provision of Bankruptcy Rule 3017(d) requiring the Debtor to distribute the Disclosure Statement and the Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Plan, or any parties in interest other than as prescribed in this Scheduling Order, is waived.

17.     The U.S. Trustee shall not be required to convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code if the Plan is confirmed at the Combined Hearing (or promptly thereafter).  In the event the Plan is not confirmed at the Combined Hearing (or promptly thereafter), the U.S. Trustee shall promptly schedule a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code on no less than twenty-one (21) days' notice.

6

18.     The requirement that the Debtor file its Schedules and Statements is extended for so long as the Debtor is pursuing the Plan and shall be permanently excused upon the date of confirmation of the Plan, *provided*, *however*, that in the event the Plan is not confirmed at the Combined Hearing (or promptly thereafter), the time by which the Debtor must file the Schedules and Statements shall be further extended to forty-five (45) days after the Combined Hearing, without prejudice to the Debtor's rights to request further extensions thereof.

19.     Nothing contained in the Motion or this Scheduling Order or any payment made pursuant to the authority granted by this Scheduling Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) an agreement or obligation to pay any claims, (iii) an admission as to the validity of any liens satisfied pursuant to this Motion, (iv) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, or (v) an approval or assumption of any agreement, contract, program, policy, or lead under section 365 of the Bankruptcy Code.

20.     This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Scheduling Order.

7

WEST\288556214.11

**EXHIBIT B**
**Form of Combined Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| REVA MEDICAL, INC., | Case No. 20-10072 (JTD) |
| Debtor.[1] | |

**NOTICE OF COMMENCEMENT OF CASE AND SUMMARY OF PREPACKAGED
CHAPTER 11 PLAN AND NOTICE OF HEARING TO CONSIDER (A) DEBTOR'S
COMPLIANCE WITH DISCLOSURE REQUIREMENTS
AND (B) CONFIRMATION OF PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

1.      On January 14, 2020 (the "Petition Date"), REVA Medical, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On the Petition Date, the Debtor filed a proposed prepackaged plan (the "Plan") and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  Copies of the Plan and Disclosure Statement may be obtained by visiting the Bankruptcy Court's website at www.deb.uscourts.gov, or free of charge by visiting the website maintained by the Debtor's voting agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto (the "Voting Agent"), at *http://case.stretto.com/reva*.  Copies of the Plan may also be obtained by contacting the Voting Agent at (949) 536-3323 or TeamReva@stretto.com, or by contacting Debtor's counsel, DLA Piper LLP (US) at 1251 Avenue of the Americas, New York, NY 10020 Attn: Thomas R. Califano [thomas.califano@us.dlapiper.com] and Jamila Justine Willis [jamila.willis@us.dlapiper.com].

3.      On January 13, 2020, the Debtor commenced solicitation of votes to accept the Plan from holders of Class 1A - Senior Secured Credit Facility First Out Claims, Class 1B - Senior Secured Credit Facility Last Out Claims, Class 4 - 2017 Convertible Notes Claims, and Class 5 - 2014 Convertible Notes Claims of record as of January 12, 2020 at 11:59 p.m. (prevailing Eastern Time).  Only holders of Class 1A Claims, Class 1B Claims, Class 4 Claims, and Class 5 Claims are entitled to vote to accept or reject the Plan.  All other classes of claims are either deemed to accept or reject the Plan and, therefore, are not entitled to vote.  **The deadline for the submission**

---

[1]      The Debtor in this case, along with the last four digits of its Employer Identification Numbers is: Reva Medical, Inc. (0505).  The Debtor's mailing address is 5751 Copley Drive, Suite B, San Diego, CA 92111.

**of votes to accept or reject the Plan is January 31, 2020 at 5:00 p.m. (prevailing Eastern Time).**

4.      The Debtor is proposing a financial restructuring that, pursuant to the Plan, will provide substantial benefits to the Debtor and all of its stakeholders.  The Restructuring will leave the Debtor's business intact and substantially de-levered, providing for the reduction of over $90 million of the Debtor's existing debt. The Plan also enhances the Debtor's near-term liquidity through two exit financing facilities provided by certain of the Debtor's lenders.  This deleveraging and recapitalization will enhance the Debtor's long-term growth prospects and competitive position and allow the Debtor to emerge from its chapter 11 case as a reorganized entity quickly and continue to provide leading bioresorable polymer technologies to its clients and partners well into the future.

**Summary of the Plan[2]**

5.      Solicitation of votes on the Plan commenced prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests:

| Class | Designation | Plan Treatment for Allowed Claims and Interests | Status | Voting Rights |
|-------|-------------|------------------------------------------------|--------|---------------|
| 1A | Senior Secured Credit Facility First Out Claims | On, or as soon as practicable after, the Distribution Date, in full and complete satisfaction, discharge and release of such Claims, the holders of Class 1A Claims shall receive the Senior Secured Credit Facility First Out Claims Distribution, as set forth in the Distribution Table. | Impaired | Entitled to Vote |
| 1B | Senior Secured Credit Facility Last Out Claims | On, or as soon as practicable after, the Distribution Date, in full and complete satisfaction, discharge and release of such Claims, the holders of Class 1B Claims shall receive the Senior Secured Credit Facility Last Out Claims Distribution, as set forth in the Distribution Table. | Impaired | Entitled to Vote |
| 2 | Lien Claims | Payment of the Allowed Claim in full in Cash on the later of the Distribution Date or as soon as practicable after a particular Claim becomes Allowed and, to the extent such allowed Lien Claim is oversecured, interest as applicable from and after the later of the date such Lien Claim (I) became due in the ordinary course of business or (II) was invoiced to the Debtor; or such other treatment as may be agreed to by the Reorganized Debtor and the holder of such Lien Claim; or the | Unimpaired | Deemed to Accept |

---

[2]      The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or compete statements of all the terms and provisions of the Plan or documents referred to therein. For a more detailed description of the Plan, please refer to the Disclosure Statement.  Capitalized terms used but not otherwise described herein shall have the meanings ascribed to such terms in the Plan.

2

| Class | Designation | Plan Treatment for Allowed Claims and Interests | Status | Voting Rights |
|---|---|---|---|---|
| | | holder shall retain its Lien on such property and be Reinstated. | | |
| 3 | Other Priority Claims | Payment of the Allowed Claim in full in Cash, plus interest as applicable, on the later of the Distribution Date or as soon as practicable after such claim becomes Allowed; or such other treatment as may be agreed to by the Reorganized Debtor and the holder of such Other Priority Claims. | Unimpaired | Deemed to Accept |
| 4 | 2017 Convertible Notes Claims | Holders of Class 4 Claims, in full and complete satisfaction, discharge and release of such Claims shall receive their Pro Rata share of the 2017 Convertible Notes Distribution as set forth in the Distribution Table. | Impaired | Entitled to Vote |
| 5 | 2014 Convertible Notes Claims | Holders of Class 5 Claims, in full and complete satisfaction, discharge and release of such Claims shall receive their Pro Rata share of the 2014 Convertible Notes Distribution as set forth in the Distribution Table. | Impaired | Entitled to Vote |
| 6A | General Unsecured Trade Claims | Holders of Class 6A Claims, in full and complete satisfaction, discharge and release of such Claims shall receive their Pro Rata share of the 2014 Convertible Notes Distribution as set forth in the Distribution Table. | Unimpaired | Deemed to Accept |
| 6B | Other General Unsecured Claims | No distribution. | Impaired | Deemed to Reject |
| 7 | Interests of REVA Medical, Inc. | No distribution. | Impaired | Deemed to Reject |

**DISTRIBUTION TABLE**

| | New Common Stock Shares | NewLLC Common Units | NewLLC Preferred Units | NewLLC Exit Credit Facility | Reorganized REVA Exit Credit Facility |
|---|---|---|---|---|---|
| *I. Elliott Distribution* | | | | | |
| **Shamu Associates Inc.** | - | 19,837 | 67 | - | - |
| **Shamu International Inc.** | - | 44,152 | 150 | - | - |

3

| | New Common Stock Shares | NewLLC Common Units | NewLLC Preferred Units | NewLLC Exit Credit Facility | Reorganized REVA Exit Credit Facility |
|---|---|---|---|---|---|
| **Elliott Associates, L.P.** | - | - | - | $1,550,000[3] | - |
| **Elliott International, L.P.** | - | - | - | $3,450,000[3] | - |
| **Total** | - | **63,989** | **217** | **$5,000,000[3]** | - |
| *II. Goldman Sachs Distribution* | | | | | |
| **Goldman Sachs International** | 100 | - | - | - | - |
| **Goldman Sachs Specialty Lending Group, L.P.** | - | - | - | $4,411,015.63 $500,000[3] | - |
| **Special Situations Investing Group II, LLC** | - | - | - | - | $4,486,581.13 |
| **Total** | **100** | - | - | **$4,911,015.63** | **$4,486,581.13** |
| *III. Senrigan Distribution* | | | | | |
| **Senrigan Master Fund** | - | **14,072** | **1,087** | **$1,000,000[3]** | - |
| *IV.  Held by Reorganized REVA* | | | | | |
| **Reorganized REVA** | - | **21,939** | **4,487** | - | - |
| *V. Total* | | | | | |
| **Total** | **100** | **100,000** | **5,791** | **$10,911,015.63** | **$4,486,581.13** |

**NOTICE REGARDING RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

a.  **Releases by the Debtor**

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Plan Supplement, for good and valuable consideration, including the service of the Released Parties[4] to facilitate the reorganization of the Debtor and the**

---

[3]     Represents an amount to be funded on the Effective Date.

[4]     *"Released Party"* means each of: (a) the Debtor and the Reorganized Debtor; (b) the current and former directors and officers of the Debtor; (c) the Senior Secured Credit Agreement Agent; (d) the Consenting Senior

4

**implementation of the restructuring contemplated by the Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtor, NewLLC, the Reorganized Debtor and the Estate from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtor, NewLLC, the Reorganized Debtor, the Estate or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the purchase, sale or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, or NewLLC, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation or preparation of the Plan and Disclosure Statement, the Restructuring Support Agreement, or related agreements, instruments or other documents, upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including fraud) or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any Released Party under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, nor does it release any Cause of Action, obligation or liability expressly set forth in or preserved by the Plan or the Plan Supplement.**

**b. Releases by Holders of Claims and Interests**

**As of the Effective Date, to the extent permitted by applicable law, each Releasing Party[5] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtor, NewLLC, the Reorganized Debtor and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative Claims asserted on**

---

Secured Lenders; (e) the Consenting 2014 Noteholders; (f) the Consenting 2017 Noteholders; and (g) with respect to each of the foregoing Entities in clauses (a) through (f), such Entities' subsidiaries, Affiliates, members, officers, directors, agents, financial advisors, accountants, investment bankers, consultants, attorneys, employees, partners and representatives, in each case, only in their capacity as such.

5      *"Releasing Party"* means (a) each other Released Party; (b) each holder of Impaired Claims or Interests that are not Released Parties, except (i) any such holder that voted to reject, or abstained from voting on, the Plan and has also checked the box on the applicable ballot indicating that they opt out of granting the releases provided in the Plan and (ii) any such holder deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code; (c) each holder of an Unimpaired Claim deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code; and (d) with respect to any entity in the foregoing clauses (a) through (c), such Entity's predecessors, successors and assigns, subsidiaries, Affiliates, managed accounts or funds, current or former officers, directors, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and such entity's respective heirs, executors, estates, servants and nominees.

5

**behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor or NewLLC, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation or preparation of the Plan, the Disclosure Statement, the Restructuring Support Agreement, the Plan Supplement or related agreements, instruments or other documents, upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including fraud) or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

    **c.  Exculpation**

**Except as otherwise specifically provided in the Plan or Plan Supplement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim, obligation, Cause of Action or liability for any Exculpated Claim, other than Claims or liabilities arising out of or relating to any act or omission of an Exculpated Party that constitutes willful misconduct (including fraud) or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Debtor and the Reorganized Debtor (and each of their respective Affiliates, agents, directors, officers, employees, advisors and attorneys) have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the Plan securities pursuant to the Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

    d.  Injunction

FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN <u>ARTICLE VIII</u> OF THE PLAN, THE ENJOINED PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES

6

AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO ARTICLE VIII OF THE PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTIONS 8.2 OR 8.3, OR DISCHARGED PURSUANT TO SECTION 8.5 OR ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 8.4, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS:  (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (4) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS IN THE PLAN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTOR OR ANY OF ITS ASSETS, PROPERTY OR ESTATES.  ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT HERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTOR'S LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(G) OF THE BANKRUPTCY CODE.

ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, THE REORGANIZED DEBTOR, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR

7

ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE 8 OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE EFFECTED.**

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE 8 OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE EFFECTED.**

**Hearing to Consider Compliance with Disclosure Requirements and Confirmation of the Plan**

6.      A combined hearing to consider compliance with the Bankruptcy Code's disclosure requirements and any objections thereto and to consider confirmation of the Plan and any objections thereto will be held before the Honorable _____, United States Bankruptcy Judge, Room ____ of the United States Bankruptcy Court, 824 Market Street, ____ Floor, Wilmington, Delaware 19801 on February __, 2020 at _____ (prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "Combined Hearing").  The Combined Hearing may be adjourned from time to time without further notice other than by filing a notice on the Bankruptcy Court's docket indicating such adjournment and/or an announcement of the adjourned date or dates at the Combined Hearing. The adjourned date or dates will be available on the electronic case filing docket and the Voting Agent's website at *http://case.stretto.com/reva.*

7.      Any objections to the Plan or the Disclosure Statement must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (c) state the name and address of the objecting party and the amount and nature of such party's claim or interest, (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection and (e) be filed, together with proof of service, with the Court electronically and served upon the parties below, **in each case so as to be actually received on or before 12:00 p.m. (prevailing Eastern Time) on February 13, 2020,** by:

   a.  REVA Medical, Inc., 5751 Copley Drive, Suite B, San Diego, California 92111 (Attn: Jeffrey Anderson and Leigh Elkolli)

   b.  proposed counsel to the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020  (Attn: Thomas R. Califano, Esq. [thomas.califano@us.dlapiper.com] and Jamila Justine Willis, Esq. [jamila.willis@us.dlapiper.com]);

8

c.  the office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware (Attn: );

d.  counsel to Elliott Management Corporation, Shamu Associates Inc., Shamu International Inc., Elliott Associates, L.P., and Elliott International, L.P., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022 (Attn: Jasmine Ball, Esq. [jball@debevoise.com]); and

e.  counsel to Goldman Sachs International, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Kevin Bostel, Esq. [kevin.bostel@weil.com]).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AT THE COMBINED HEARING.**

**Section 341(a) Meeting**

A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") will be deferred until confirmation of the Plan. **The Section 341(a) Meeting will not be convened if the Plan is confirmed on or before February 28, 2020.** If the Section 341(a) Meeting will be convened, the Debtor will file, serve on the parties on whom it served this notice and any other parties entitled to notice pursuant to the Bankruptcy Rules, and post on the Voting Agent's website at *http://case.stretto.com/reva* not less than 21 days before the date scheduled for such meeting, a notice of, among other things, the date, time and place of the Section 341(a) Meeting.

9

Dated:  [Date]
        Wilmington, Delaware

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile:  (302) 394-2341
Email: stuart.brown@us.dlapiper.com

-and-

Thomas A. Califano (*pro hac vice* admission pending)
Jamila Justine Willis (*pro hac vice* admission pending)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
Email:  thomas.califano@us.dlapiper.com
        jamila.willis@us.dlapiper.com

*Proposed Counsel to the Debtor*

10

**EXHIBIT D**
**Form of Publication Notice**

WEST\288556214.11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>REVA MEDICAL, INC.,<br><br>               Debtor.[1] | Chapter 11<br><br>Case No. 20-10072 (JTD) |

**NOTICE OF COMMENCEMENT**
**OF PREPACKAGED CHAPTER 11 BANKRUPTCY**
**CASES AND COMBINED HEARING ON DISCLOSURE STATEMENT**
**AND CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN**

**TO:** **ALL HOLDERS OF CLAIMS, HOLDERS OF INTERESTS, AND PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASE**

**NOTICE IS HEREBY GIVEN** as follows:

On January 14, 2020 (the "Petition Date"), REVA Medical, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On the Petition Date, the Debtor filed a proposed prepackaged plan (the "Plan") and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  Copies of the Plan and Disclosure Statement may be obtained by visiting the Bankruptcy Court's website at www.deb.uscourts.gov, or free of charge by visiting the website maintained by the Debtor's voting agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto (the "Voting Agent"), at *http://case.stretto.com/reva*.  Copies of the Plan may also be obtained by contacting the Voting Agent at (949) 536-3323 or TeamReva@stretto.com, or by contacting Debtor's counsel, DLA Piper LLP (US) at 1251 Avenue of the Americas, New York, NY 10020 Attn: Thomas R. Califano [Thomas.califano@us.dlapiper.com] and Jamila Justine Willis [jamila.willis@us.dlapiper.com].

On January 13, 2020, the Debtor commenced solicitation of votes to accept the Plan from holders of Class 1A - Senior Secured Credit Facility First Out Claims, Class 1B - Senior Secured Credit Facility Last Out Claims, Class 4 - 2017 Convertible Notes Claims, and Class 5 - 2014 Convertible Notes Claims of record as of January 12, 2020 at 11:59 p.m. (prevailing Eastern Time).  Only holders of Class 1A Claims, Class 1B Claims, Class 4 Claims, and Class 5 Claims are entitled to vote to accept or reject the Plan.  All other classes of claims were either deemed to accept or reject the Plan and, therefore, are not entitled to vote.  **The deadline for the**

---

[1]    The Debtor in this case, along with the last four digits of its Employer Identification Numbers is: Reva Medical, Inc. (0505).  The Debtor's mailing address is 5751 Copley Drive, Suite B, San Diego, CA 92111.

**submission of votes to accept or reject the Plan is January 31, 2020 at 5:00 p.m. (prevailing Eastern Time).**

The Debtor is proposing a financial restructuring that, pursuant to the Plan, will provide substantial benefits to the Debtor and all of its stakeholders.  The Restructuring will leave the Debtor's business intact and substantially de-levered, providing for the reduction of over $90 million of the Debtor's existing debt. The Plan also enhances the Debtor's near-term liquidity through a through two exit financing facilities provided by certain of the Debtor's lenders.  This deleveraging and recapitalization will enhance the Debtor's long-term growth prospects and competitive position and allow the Debtor to emerge from its chapter 11 case as a reorganized entity quickly and continue to provide leading bioresorable polymer technologies to its clients and partners well into the future.

A combined hearing to consider compliance with the Bankruptcy Code's disclosure requirements and any objections thereto and to consider confirmation of the Plan and any objections thereto will be held before the Honorable _____, United States Bankruptcy Judge, Room _____ of the United States Bankruptcy Court, 824 Market Street, _____ Floor, Wilmington, Delaware 19801 on February __, 2020 at _____ (prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "Combined Hearing").  The Combined Hearing may be adjourned from time to time without further notice other than by filing a notice on the Bankruptcy Court's docket indicating such adjournment and/or an announcement of the adjourned date or dates at the Combined Hearing. The adjourned date or dates will be available on the electronic case filing docket and the Voting Agent's website at *http://case.stretto.com/reva*.

Any objections to the Plan or the Disclosure Statement must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (c) state the name and address of the objecting party and the amount and nature of such party's claim or interest, (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection and (e) be filed, together with proof of service, with the Court electronically and served upon the parties below, **in each case so as to be actually received on or before 12:00 p.m. (prevailing Eastern Time) on February 13, 2020,** by:

REVA Medical, Inc., 5751 Copley Drive, Suite B, San Diego, California 92111 (Attn: Jeffrey Anderson and Leigh Elkolli)

proposed counsel to the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020  (Attn: Thomas R. Califano, Esq. [thomas.califano@us.dlapiper.com] and Jamila Justine Willis, Esq. [jamila.willis@us.dlapiper.com]);

the office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware (Attn: );

WEST\288556214.11

counsel to Elliott Management Corporation, Shamu Associates Inc., Shamu International Inc., Elliott Associates, L.P., and Elliott International, L.P., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022 (Attn: Jasmine Ball, Esq. [jball@debevoise.com]); and

counsel to Goldman Sachs International, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Kevin Bostel, Esq. [kevin.bostel@weil.com]).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AT THE COMBINED HEARING.**

3