# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVA MEDICAL, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 20-10072 (JTD)<br><br>Re: D.I. 11 |

**ORDER (I) SCHEDULING, AND SHORTENING NOTICE OF, A COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN, (II) APPROVING FORM AND MANNER OF NOTICE OF (A) COMBINED HEARING AND (B) COMMENCEMENT OF CHAPTER 11 CASE, (III) ESTABLISHING PROCEDURES FOR OBJECTING TO (A) DISCLOSURE STATEMENT AND/OR (B) PLAN, (IV) APPROVING PREPETITION SOLICITATION PROCEDURES, (V) CONDITIONALLY DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE A SECTION 341 MEETING OF CREDITORS, (VI) CONDITIONALLY EXTENDING DEADLINE TO FILE SCHEDULES AND STATEMENTS, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtor for entry of an order (this "Scheduling Order") (i) scheduling, and shortening notice of, a combined hearing (as it may be adjourned from time to time the "Combined Hearing") on (a) the adequacy of the Disclosure Statement and (b) confirmation of the Plan, (ii) approving the form and manner of notice (the "Combined Notice") of (a) the Combined Hearing and (b) commencement of this Chapter 11 Case, (iii) establishing the procedures for objecting (a) to the adequacy of the Disclosure Statement and/or (b) to confirmation of the Plan, (iv) approving the solicitation, balloting, and tabulation procedures described in the Motion (the "Solicitation Procedures"), (v) conditionally directing the U.S. Trustee not to convene the Section 341(a) Meeting, (vi) conditionally extending the date by which the Debtor must file its Schedules and Statements, and (vii) granting related relief; and the Court

---

[1] The Debtor in this case, along with the last four digits of its Employer Identification Numbers is: Reva Medical, Inc. (0505). The Debtor's mailing address is 5751 Copley Drive, Suite B, San Diego, CA 92111.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or in the Plan, as applicable.

WEST\289027638.4

having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and alter due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized and empowered to take all actions necessary to implement and effectuate the relief granted in this Scheduling Order.

3. The Combined Hearing to consider the adequacy of the Disclosure Statement, final approval of the Solicitation Procedures, and confirmation of the Plan is hereby scheduled to be held before the Honorable John T. Dorsey, the United States Bankruptcy Judge, in courtroom 5 of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware, **on February 18, 2020 at 1:00 p.m. (prevailing Eastern Time/Greenwich Mean Time minus five (5) hours ("GMT-5:00")).**[3] The Combined Hearing

---

[3] Please be advised that the dates and times set forth in this Order are scheduled with reference to Eastern Standard Time (GMT-5:00) and may occur on another date and at another time in your location.

2

WEST\289027638.4

may be continued from time to time by the Court without further notice other than an announcement of the adjourned date or dates in open court at the Combined Hearing (or adjournment thereof) or by filing the agenda for such hearing.

4. The schedule of events set forth below relating to confirmation of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of events is consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules:

| Event | Date |
| --- | --- |
| Voting Record Date | January 12, 2020 |
| Distribution of Solicitation Packages | January 13, 2020 |
| Combined Notice Mailing Date | As soon as practicable following entry of the Scheduling Order and, in no event, more than one (1) business day thereafter |
| Plan Supplement Filing Date | Seven (7) days prior to the Voting Deadline, at 5:00 p.m. (prevailing Eastern Time/GMT-5:00) |
| Voting Deadline | January 31, 2020, at 5:00 p.m. (prevailing Eastern Time/GMT-5:00) |
| U.S. Creditor Plan / Disclosure Statement Objection Deadline | February 13, 2020, two (2) business days prior to the Combined Hearing, at 12:00 p.m. (prevailing Eastern Time/GMT-5:00) |
| Foreign Creditor Plan / Disclosure Statement Objection Deadline | Objections may be made orally and by telephone at or before the Combined Hearing, as set forth below |
| Reply Deadline | February 17, 2020, one (1) day prior to the Combined Hearing, at 10:00 a.m. (prevailing Eastern Time/GMT-5:00), notwithstanding Bankruptcy Rule 9006(a)(1)(C) |
| Combined Hearing | February 18, 2020 at 1:00 p.m. (prevailing Eastern Time/GMT-5:00) |
| Section 341(a) Meeting | If Plan is not confirmed, promptly following Combined Hearing and on no less than 21 days' notice; if Plan is confirmed, there will be no Section 341(a) Meeting |

WEST\289027638.4

| | |
|---|---|
| Schedules and Statements Deadline | If Plan is not confirmed, 45 days after Combined Hearing (without prejudice to request further extension); if Plan is confirmed, requirement is excused |

5. Any objections by any creditor or party in interest which resides or is domiciled in the United States to the Disclosure Statement or confirmation of the Plan ("U.S. Objections") to the approval of the Disclosure Statement, adequacy of the Disclosure Statement, or confirmation of the Plan must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service thereof, and served by personal service or by overnight delivery, so as to be actually received no later than **12:00 p.m. (prevailing Eastern Time/GMT-5:00) on February 13, 2020 (the "U.S. Plan / Disclosure Statement Objection Deadline")** on:

    (a)    REVA Medical, Inc., 5751 Copley Drive, Suite B, San Diego, California 92111 (Attn: Jeffrey Anderson [JAnderson@revamedical.com] and Leigh Elkolli [lelkolli@revamedical.com])

    (b)    proposed counsel to the Debtor, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn: Thomas R. Califano, Esq. [thomas.califano@us.dlapiper.com] and Jamila Justine Willis, Esq. [jamila.willis@us.dlapiper.com]);

    (c)    the office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware (Attn: Linda Casey);

    (d)    counsel to Elliott Management Corporation, Shamu Associates Inc., Shamu International Inc., Elliott Associates, L.P., and Elliott International, L.P., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022 (Attn: Jasmine Ball, Esq. [jball@debevoise.com]); and

    (e)    counsel to Goldman Sachs International, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Kevin Bostel, Esq. [kevin.bostel@weil.com]).

6. In addition, any U.S. Objections by any creditor or party in interest which resides or is domiciled in the United States to the Disclosure Statement or confirmation of the Plan ("U.S. Objections") must:

    (a)    be in writing;

4

      (b)      conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware;

      (c)      state the name and address of the objecting party and the amount and nature of such party's claim or interest;

      (d)      state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

      (e)      be filed, together with proof of service, with the Court electronically and served upon the parties above.

7. Any U.S. Objections not timely filed and served in the manner set forth in this Scheduling Order may not be considered and may be overruled.

8. Any creditor or party in interest which resides or is domiciled outside of the United States (collectively, "Foreign Creditors") may appear at the Combined Hearing in person or by telephone and, if desired, raise any objections (the "Foreign Creditor Plan / Disclosure Statement Objection Deadline"). The telephone number for the Combined Hearing is +1-303-248-9125 (not toll free)[4] and entering passcode 5953064 by 12:50 p.m. (prevailing Eastern Time/GMT-5:00) on February 18, 2020. Notwithstanding any rule or standing order to the contrary, DLA Piper LLP (US) is authorized and directed to connect this conference call to Court Conference and/or CourtCall to permit all Foreign Creditors to appear telephonically for free at the Combined Hearing.

9. Notwithstanding Local Rules 1002-1(b) or 9010-1(c), or any other applicable rule, any Foreign Creditor may appear at the Combined Hearing without being represented by counsel, including Delaware counsel.

---

[4] A local, toll free number, if available, can be provided by contacting proposed counsel to the Debtor via email (Jamila Justine Willis, Esq. [jamila.willis@us.dlapiper.com] and David M. Riley, Esq. [david.riley@us.dlapiper.com]).

10. The Debtor shall file their brief in support of confirmation of the Plan and their reply to any objections thereto **no later than February 17, 2020,** notwithstanding Bankruptcy Rule 9006(a)(1)(C).

11. The form of Combined Notice in substantially the form attached as **Exhibit 1** to the Order is approved. The Voting Agent shall begin to mail or cause to be mailed a copy of the Combined Notice as well as the Disclosure Statement and Plan, **as soon after entry of this Scheduling Order as reasonably practicable, and in no event later than one (1) business days after entry of this Scheduling Order,** upon all of the Debtor's known creditors and Interest holders of record as of January 12, 2020 at 11:59 p.m. (prevailing Eastern Time/GMT-5:00).

12. The Debtor shall publish the Publication Notice, in substantially the form attached as **Exhibit 2** to the Order, in the *Financial Times Worldwide Edition*, or a similar nationally-circulated newspaper, and one nationally-circulated newspaper in each of the countries in which the Debtor has performed clinical trials as soon as reasonably practicable after entry of this Scheduling Order. Without limitation, the U.S. Trustee's right to object to the adequacy of notice provided by the Publication Notice is reserved.

13. Substantially contemporaneously with the service of the Combined Notice, the Debtor shall cause to be posted to the website hosted by the Voting Agent various chapter 11-related documents, including, among others, the following: (a) the Plan; (b) the Disclosure Statement and all exhibits attached thereto; (c) the Motion and this Scheduling Order; and (d) the Combined Notice. The website address is: *http://case.stretto.com/reva*.

14. The notice procedures set forth above constitute good and sufficient notice of the Combined Hearing and the commencement of the Chapter 11 Case, and the deadline and

procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan, and no other or further notice shall be necessary.

15. Subject to entry of the Confirmation Order, the Solicitation Procedures, including the procedures utilized by the Debtor for distribution of the Solicitation Package, balloting, and the vote tabulation procedures described in the Motion, satisfy the requirements of the Bankruptcy Code and are approved.

16. January 12, 2020 at 11:59 p.m. (prevailing Eastern Time/GMT-5:00) be the record date for purposes of determining which creditors and equity holders are entitled to vote on the Plan. The Ballots, substantially in the forms attached to the Motion as **Exhibits C-1, C-2, C-3 and C-4**, are approved.

17. To the extent that section 1125(b) of the Bankruptcy Code requires the Debtor's prepetition solicitation of acceptances for the Plan to be pursuant to an approved disclosure statement in order to continue on a post-petition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest (with standing to object) objecting to the Disclosure Statement at the Combined Hearing.

18. Any provision of Bankruptcy Rule 3017(d) requiring the Debtor to distribute the Disclosure Statement and the Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Plan, or any parties in interest other than as prescribed in this Scheduling Order, is waived.

19. The U.S. Trustee shall not be required to convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code if the Plan is confirmed at the Combined Hearing (or promptly thereafter). In the event the Plan is not confirmed at the Combined Hearing (or promptly

thereafter), the U.S. Trustee shall promptly schedule a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code on no less than twenty-one (21) days' notice.

20. The requirement that the Debtor file its Schedules and Statements is extended for so long as the Debtor is pursuing the Plan and shall be permanently excused upon the date of confirmation of the Plan, *provided*, *however*, that in the event the Plan is not confirmed at the Combined Hearing (or promptly thereafter), the time by which the Debtor must file the Schedules and Statements shall be further extended to forty-five (45) days after the Combined Hearing, without prejudice to the Debtor's rights to request further extensions thereof.

21. Nothing contained in the Motion or this Scheduling Order or any payment made pursuant to the authority granted by this Scheduling Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) an agreement or obligation to pay any claims, (iii) an admission as to the validity of any liens satisfied pursuant to this Motion, (iv) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, or (v) an approval or assumption of any agreement, contract, program, policy, or lead under section 365 of the Bankruptcy Code.

22. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Scheduling Order.

Dated: January 16th, 2020  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE